## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN, individually,
W. 7050 Palmetto Park Road
Boca Raton, FL 33433

               Plaintiff,

    v.

HON. COLLEEN KOLLAR KOTELLY.,
333 Constitution Avenue N.W.
Washington D.C. 20001

and

HON. G. MICHAEL HARVEY
333 Constitution Avenue N.W.
Washington D.C. 20001

               Defendants.

Case: 1:22−cv−02074
Assigned To : Contreras, Rudolph
Assign. Date : 7/14/2022
Description: Pro Se Gen. Civ. (F−DECK)

## COMPLAINT

Plaintiff, Larry Klayman, ("Mr. Klayman") hereby files this action against Hon. Colleen

Kollar-Kotelly. ("Judge Kotelly") and Hon. G. Michael Harvey ("Magistrate Judge Harvey") for

injunctive and equitable relief only, pursuant to Federal Rule of Civil Procedure Rule 60, which

states in pertinent part:

FRCP 60, Relief from a Judgment or Order

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On
motion and just terms, the court may relieve a party or its legal representative
from a final judgment, order, or proceeding for the following reasons:

    (6) any other reason that justifies relief.

        . . .

(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:
    (1) entertain an independent action to relieve a party from a judgment,
order, or proceeding;

1

RECEIVED

JUL 1 4 2022

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1.      **Mr. Klayman files this Complaint pursuant to FRCP 60(d)(1); "an independent action to relieve a party from a judgment, order or proceeding[.].**" Fed. R. Civ. P. 60(d)(1) (emphasis added).

2.      FRCP 60(d)(1) is designed "to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

3.      Plaintiff seeks relief from an order in a case styled *Klayman v. Judicial Watch, Inc.*, 06-cv-00670 (D.D.C.) ("District Court" or "the District Court case") entered on June 23, 2022 denying Mr. Klayman's Renewed Motion to Transfer and to Recuse and/or Disqualify. ECF No. 649.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this case arises, inter alia, under federal law, FRCP 60.

5.      . Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

6.      Mr. Klayman is an individual and citizen of Florida. Plaintiff is a private lawyer and conservative public interest advocate, litigator, author, columnist and radio talk show host.

7.      Judge Kotelly is a judge at the U.S. District Court for the District of Columbia.

8.      Magistrate Judge Harvey is a magistrate judge at the U.S. District Court for the District of Columbia.

## STANDING

9.      Plaintiff has standing to bring this action because he has been directly affected and victimized by the conduct complained of herein. His injuries are proximately related to the conduct of Defendants.

10.     Plaintiff also has standing to bring this action pursuant to FRCP 60(d)(1).

## FACTS

11.     Judge Kotelly currently presides over the subject District Court Case, where she has openly displayed a clear extrajudicial bias and prejudice against Mr. Klayman, which has resulted in a litany of legally unsupported orders that has directly resulted in a fatally flawed $2.8 million dollar jury verdict and judgment against Mr. Klayman.

12.     Now pending before Judge Kotelly is Judicial Watch, Inc.'s, ("JW")—the Defendants in the District Court Case—Motion for Attorneys' Fees and Costs, where they are seeking a patently fraudulent and hyper-inflated additional $1,638,357 in attorney's fees and $24,866.61 in costs.

13.     A truly independent and neutral jurist would be able to clearly see the patently fraudulent nature of JW's fees motion, but given Judge Kotelly's openly displayed extrajudicial bias and prejudice against Mr. Klayman, it is easy to foresee that she will simply "rubber stamp" JW's motion, as she had done on numerous occasions throughout the District Court Case.

14.     Judge Kotelly has referred this matter to Magistrate Judge Harvey for a Report and Recommendation.

15.     However, Judge Kotelly has a clear conflict of interest in presiding over this case, which mandates her removal as the presiding judge and the transfer of this matter for the resolution of the attorney's fees issue to another judge.

16.     In that regard, Judge Kotelly did not have proper jurisdiction to refer this matter to Magistrate Judge Harvey for a Report and Recommendation.

17.     Judge Kotelly is currently a Defendant/Appellee in a case styled *Klayman v. Rao et al*, 21-5269 (D.C. Cir.) that is currently on appeal at the U.S. Court of Appeals for the District

of Columbia Circuit ("D.C. Circuit") which as a matter of law and ethics does not allow her to continue to sit as a jurist on this case.

18.     This is because the *Rao* Case is directly related to the District Court Case, as it challenges the actions of Judge Kotelly in presiding over the District Court Case, as well as the actions of the judges on the D.C. Circuit in the subsequent appeal.

19.     Judge Kotelly therefore has a clear conflict of interest which prevents her from presiding over this case, as it involves the same subject matter as the *Rao* case. This is a violation of the following provisions of the Code of Conduct for United States Judges:

a.  Section 3(C)(1)(a), which states that a judge may not preside over a case where "the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding";

b.  Section 2(A) which states that a judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary;

c.  Section 1, which states that an independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved.

20.     This conduct also violates 28 U.S.C. § 453 (Oath of Justices and Judges):

Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I, ___ ___, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ___ under the Constitution and laws of the United States. So help me God.

4

21.     In stark contrast, the D.C. Circuit has followed ethics and the law and transferred and had assigned the *Rao* appeal to judges in other circuits, as it recognized the clear conflict of interest it would have in presiding over the appeal.

22.     Mr. Klayman has been forced to file a complaint and request for investigation by the Judicial Council for the District of Columbia Circuit—further evidence of a conflict of interest—but the Judicial Council has not acted, and therefore, Mr. Klayman has been left with no other legal recourse but to file this instant complaint for equitable and injunctive relief under Fed. R. Civ. P. 60.

### FIRST CAUSE OF ACTION
### Relief from a Judgment or Order Pursuant to FRCP 60(b)(6)
### (Other Reasons to Justify Relief)

23.     Mr. Klayman re-alleges and incorporates by reference the allegations in the preceding and following paragraphs of this Complaint as if fully set forth herein.

24.     FRCP 60(b)(6) provides relief from a judgment or order based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

25.     A court has discretion to grant relief pursuant to FRCP 60(b)(6) where it is "appropriate to accomplish justice[.]" *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949).

26.     Mr. Klayman respectfully requests an order that the District Court Case, and the resolution of JW's Motion for Attorney Fees and Costs be transferred to another judge, given the fact that Judge Kotelly has a clear conflict of interest that mandates her recusal over this matter.

27.     Mr. Klayman therefore respectfully requests that this matter be removed from Magistrate Judge Harvey, as Judge Kotelly did not have proper jurisdiction or other ethical and legal bases to refer this matter to him for a Report and Recommendation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Larry Klayman prays for judgment against Defendants Kotelly and Harvey as follows:

(1)     Relief from Judge Kotelly's June 23, 2022 order denying Mr. Klayman's Renewed Motion to Transfer and to Recuse and/or Disqualify, ECF No. 649, in the District Court Case and referring this matter to Magistrate Judge Harvey, as she lacked the ethical and legally proper bases to do so.

(2)     Any other relief the Court deems just and proper.

Dated: July 13, 2022                              Respectfully Submitted,

*Larry Klayman / B.S.*

Larry Klayman, Esq.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: (561) 558-5336
Email: leklayman@gmail.com

*Plaintiff Pro Se*