UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LARRY KLAYMAN, ) |  |
| ) |  |
| Plaintiff, ) |  |
| ) |  |
| v. ) | Civ. A. No. 22-2074 (RC) |
| ) |  |
| HON. COLLEEN KOLLAR-KOTELLY, et al. ) |  |
| ) |  |
| Defendants. ) |  |

### DEFENDANTS' MOTION TO DISMISS

This action has been brought against United States District Judge Colleen Kollar-Kotelly and Magistrate Judge G. Michael Harvey in their official capacities seeking review by this Court of an order issued by Judge Kollar-Kotelly in a case over which she presides and in which Plaintiff Larry Klayman is a party. For reasons set forth below, Defendants move to dismiss this case under Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6).

### BACKGROUND

Since 2006, Klayman has been involved in litigation with the organization he founded, Judicial Watch, that has been presided over by Judge Kollar-Kotelly. That lawsuit, *Klayman v. Judicial Watch, Inc.*, No. 06-0670 (D.D.C.) ("*Judicial Watch I*"), resulted in a verdict of over $2 million to Judicial Watch that Klayman appealed. The D.C. Circuit affirmed, explaining that Klayman had raised "numerous issues spanning every stage of litigation" but finding none "meritorious." *Klayman v. Jud. Watch, Inc.*, 6 F.4th 1301, 1307 (D.C. Cir. 2021). The D.C. Circuit upheld Judge Kollar-Kotelly's decisions sanctioning Klayman, granting summary judgment in Judicial Watch's favor on several claims, resolving evidentiary disputes at trial, instructing the jury, and entering judgment on the jury's verdict. *Id.* at 1311-21. In affirming the

District Court's rulings "in full," the D.C. Circuit observed that "Judge Kollar-Kotelly presided over this litigation commendably, without any error that Klayman has identified." *Id*. at 1321. Klayman unsuccessfully petitioned for rehearing *en banc* and his petition for writ of certiorari recently was denied. *Klayman v. Jud. Watch, Inc.*, No. 21-1264, 2022 U.S. LEXIS 2493 (U.S. May 16, 2022).

After the D.C. Circuit denied Klayman's petition for rehearing *en banc*, Klayman filed the lawsuit, *Klayman v. Rao*, Civ. A. No. 21-2473 (D.D.C.), in which he sued all members of the D.C. Circuit over the panel decision affirming the district court judgment and the denial of his rehearing *en banc*, Judge Kollar-Kotelly over her handling of *Judicial Watch I*, and Judge Chutkan over her handling of a collateral lawsuit Klayman had filed under Rule 60 challenging rulings in *Judicial Watch I*.[1]  (Civ. A. No. 21-2473, Compl. ¶¶ 24-44)  As here, Klayman alleged, among other things, that Judge Kollar-Kotelly's decisions were based on "personal animus towards and dislike" for him. (*Id*. ¶ 45)  That lawsuit was dismissed for lack of jurisdiction, on judicial immunity grounds, on the basis of *res judicata*, and for failure to state a claim. *Klayman v. Rao*, Civ. A. No. 21-2473, 2021 U.S. Dist. LEXIS 204644 at *8-18 (D.D.C. Oct. 25, 2021).

In a decision dated September 9, 2022, the D.C. Circuit upheld the dismissal of the Complaint in *Klayman v. Rao* on three independent grounds: (1) federal district courts lack

---

[1]  In that lawsuit, *Klayman v. Judicial Watch, Inc.*, Civ. A. No. 19-2604 (D.D.C.), Judge Chutkan dismissed the complaint *sua sponte*, including on the basis that the claims for equitable relief against Judge Kollar-Kotelly were barred by judicial immunity and the lack of authority of one district court to order another district court to set aside judgment. *Klayman v. Judicial Watch, Inc.*, 19-2604, 2021 U.S. Dist. LEXIS 28116 at *12-21 (D.D.C. Feb. 16, 2021). The D.C. Circuit summarily affirmed, explaining that "[t]he district court correctly concluded that it lacks jurisdiction to vacate prior orders of another district court." *Klayman v. Judicial Watch, Inc.*, 851 F. App'x 222, 222 (D.C. Cir. 2021) (per curiam). The D.C. Circuit had previously summarily affirmed on the same basis the dismissal of an earlier action brought by Klayman against Judge Kollar-Kotelly based on her decisions in *Judicial Watch I*. *Klayman v. Kollar-Kotelly*, No. 12-5340, 2013 U.S. App. LEXIS 10148, at *1-2 (D.C. Cir. May 20, 2013).

jurisdiction to review decisions of other federal courts; (2) *res judicata*; and (3) the availability of other adequate remedies by virtue of the right to appeal the prior district court decisions. *Klayman v. Rao*, No. 21-5269, 2022 U.S. App. LEXIS 25336 at *4-7 (D.C. Cir. Sept. 9, 2022). Those grounds for dismissal, as well as others, compel the same result here.

## THE INSTANT LITIGATION

Currently pending before the District Court in *Judicial Watch I* is Judicial Watch's motion for attorneys' fees and costs. (ECF No. 585) That motion had been stayed pending appeal of the District Court's judgment, but, following resolution of the appeal, the District Court lifted the stay and established a supplemental briefing schedule. The District Court ultimately referred the motion for attorneys' fees and costs to Magistrate Judge Harvey for a report and recommendation. (ECF No. 647) The fee motion remains pending before Magistrate Judge Harvey.

On March 4, 2022, prior to the referral of the fee motion to Magistrate Judge Harvey, Klayman filed a renewed motion to transfer the case to another district court judge and to recuse or disqualify Judge Kollar-Kotelly, arguing that Judge Kollar-Kotelly had a conflict of interest based on the pendency of the *Klayman v. Rao* appeal and a complaint that he filed with the Judicial Council for the District of Columbia Circuit, as well as that her prior rulings in *Judicial Watch I* reflected antagonism towards him. (ECF Nos. 642, 643) [2] On June 23, 2022, Judge Kollar-Kotelly denied the motion to transfer and request for recusal or disqualification. (ECF No. 649)

On July 14, 2022, Klayman filed the instant lawsuit "pursuant to FRCP 60(d)(1)" and seeking relief under Rule 60(b)(6) from Judge Kollar-Kotelly's June 23, 2022 Order in *Judicial Watch I*. (Compl. ¶¶ 1, 3) Klayman asserts that "[a] truly independent and neutral jurist would

---

[2] This was at least the seventh motion filed by Klayman seeking Judge Kollar-Kotelly's recusal or disqualification. (Civ. A. No. 06-670, ECF Nos. 298, 345, 414, 587, 606, 636, 643).

3

be able to clearly see the patently fraudulent nature of [Judicial Watch's] fee motion, but given Judge [Kollar-] Kotelly's openly displayed extrajudicial bias and prejudice against Mr. Klayman, it is easy to foresee that she will simply 'rubber stamp' [the] motion, as she has done on numerous occasions throughout the [Judicial Watch] case." (*Id*. ¶ 13)  Klayman also contends that, based on a "clear conflict of interest in presiding over this case," Judge Kollar-Kotelly "did not have proper jurisdiction to refer the matter to Magistrate Judge Harvey for a Report and Recommendation." (Compl. ¶¶ 15-16)  Klayman contends that Judge Kollar-Kotelly has a "clear conflict of interest" based on the *Klayman v. Rao* appeal that was pending at the time of the June 23, 2022 Order, which appeal Klayman asserts "involves the same subject matter" as his litigation against Judicial Watch. (*Id*. ¶¶ 18-19)  Klayman asserts that "he has been left with no other legal recourse but to file this instant complaint" because the Judicial Council for the District of Columbia Circuit has not acted on his complaint and request for investigation. (*Id*. ¶ 22)

Klayman seeks equitable relief from this Court amounting to a declaration overturning Judge Kollar-Kotelly's rulings.  Specifically, he seeks "an order that the [*Judicial Watch* case], and the resolution of [Judicial Watch's] Motion for Attorneys' Fees and Costs be transferred to another judge." (*Id*. ¶ 26)

## **STANDARD OF REVIEW**

Rule 12(b)(1) provides that a federal court must dismiss a case when it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Generally, "'[b]efore a court may address the merits of a complaint, it must assure that it has jurisdiction to entertain the claims.'" *Cornish v. Dudas*, 715 F. Supp. 2d 56, 60 (D.D.C. 2010) (quoting *Marshall v. Honeywell Tech. Solutions, Inc.*, 675 F. Supp. 2d 22, 24 (D.D.C. 2009)).  It is the plaintiff's burden to demonstrate subject matter jurisdiction. *Shulter v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008).  If the plaintiff cannot meet his

burden, the court must dismiss the action. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle*, 74 U.S. 506 (1868)). In considering a motion to dismiss for lack of subject matter jurisdiction, a court "'treat[s] the complaint's factual allegations as true'" and "'grant[s] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Nat'l Whistleblower Ctr. v. Dep't of Health & Human Servs.*, 839 F. Supp. 2d 40, 44 (D.D.C. 2012) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)). However, "[b]ecause subject matter jurisdiction focuses on the court's power to hear the claim, . . . the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion[.]" *Aref v. Holder*, 774 F. Supp. 2d 147, 159 (D.D.C. 2011).

Rule 12(b)(6) governs dismissal of a case for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *Sykes v. Dudas*, 573 F. Supp. 2d 191, 198 (D.D.C. 2008). However, a district court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id.* at 198-99. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Likewise, the court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

5

Accordingly, Klayman must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 668 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). Therefore, the focus is on the language in the complaint and whether the complaint sets forth sufficient factual allegations to plausibly support Klayman's claim for relief. In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (internal citations omitted).

**ARGUMENT**

Klayman's Complaint should be dismissed on numerous, independent grounds. Each is briefly addressed in turn below.

First, as held in *Klayman v. Rao*, a district court lacks jurisdiction to enjoin or declare invalid prior orders issued by other federal courts in separate litigation. 2022 U.S. App. LEXIS 25336, at *4. In so holding, the D.C. Circuit rejected Klayman's argument that Rule 60(d)(1) conferred such power on a district court over another district court's rulings, explaining that Rule 60(d)(1) "does not affirmatively grant the courts any authority" and that "such use of Rule 60(d)(1) is foreclosed by *Celotex* and related decisions of this court." *Id.* at *5 n.3. In *Celotex*, the Supreme Court explained that "[i]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected." *Celotex Corp. v.*

*Edwards*, 514 U.S. 300, 313 (1995).  As Klayman rests his Complaint entirely on Rule 60(d)(1) (Compl. ¶ 1), this lawsuit should be dismissed on this ground alone.

Second, Klayman's claims are barred because judicial officials are immune from civil suit based on conduct taken in their judicial capacities.  *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'").  Judicial immunity promotes the independence of the judiciary as judges "should not have to fear that unsatisfied litigants may hound [them] with litigation charging malice or corruption."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).   The Complaint here seeks the equivalent of declaratory relief and "it is well established that judicial immunity bars claims . . . for retrospective declaratory relief of a violation of federal law." *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 135 (D.D.C. 2013); *see also Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987) ("There is no need to carve out an exception to judicial immunity to permit declaratory and injunctive relief against *federal* judicial officers" because "Congress has provided carefully structured procedures for taking appeals, including interlocutory appeals, and for petitioning for extraordinary writs" that allow a litigant to receive "full federal court review[.]").

Third, Klayman's claims are barred by *res judicata*.  Under this doctrine, "'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992).  Klayman's theory for relief under Rule 60(b)(6) is that Judge Kollar-Kotelly has "displayed extrajudicial bias and prejudice against" him based on her rulings in *Judicial Watch I* (Compl. ¶ 13), but the D.C. Circuit

7

rejected that premise when it affirmed her rulings in full in *Klayman v. Judicial Watch, Inc.*, 6 F.4th at 1311-21.  Consequently, *res judicata* is an additional bar to his claims.  *Klayman v. Rao*, 2022 U.S. App. LEXIS 25336, at *5 ("Klayman . . . now seeks to relitigate issues that were raised and decided in [prior] litigation" in which he was a party and, "[t]herefore, his claims would be barred by *res judicata*.")

Fourth, it "'is the basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" *Id*. at *6.  Klayman's motion to transfer and recusal rests on his alleged concern about Judge Kollar-Kotelly's impartiality in ruling on the motion for attorneys' fees and costs that is pending in *Judicial Watch I*.  (Compl. ¶¶ 12-13)   However, once a decision on that motion issues, Klayman retains the right to appeal that decision if he believes it to be erroneous.  That right provides him with "a remedy at law adequate to address any errors in the district courts' judgments."  *Klayman v. Rao*, 2022 U.S. App. LEXIS 25336 at *6.  Consequently, because an adequate remedy at law remains available to him, he is not entitled to the equitable or declaratory relief sought in this case.  *Id.*

Finally, Klayman seeks relief under Rule 60(b)(6) but has failed to plead facts to meet the high standard for such relief, which is appropriate only in "'extraordinary circumstances.'"  *Kramer v. Gates,* 481 F.3d 788, 791 (D.C. Cir. 2007).  As a "catch-all provision," Rule 60(b)(6) is "mutually exclusive with the grounds for relief in the other provisions of Rule 60(b)," *id.* at 792, and a party invoking that rule must show that, absent relief, "inequity or hardship" would occur.  *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988); *see also Carter v. Watkins,* No. 92-5077, 1994 U.S. App. LEXIS 14654, at *7 (D.C. Cir. May 25, 1993) ("Suffice

it to say that a dispute over the proper interpretation of a statute does not qualify as an extraordinary circumstance under Rule 60(b)(6).")

As an initial matter, although Magistrate Judge Harvey is a named defendant in the Complaint, Klayman fails to identify any order issued by the Magistrate Judge that he seeks to vacate pursuant to Rule 60(b)(6). The one order specifically at issue is Judge Kollar-Kotelly's June 23, 2022 Order denying Klayman's renewed motion to transfer and recuse, and the Complaint also references her order referring the pending fee motion to Magistrate Judge Harvey for a report and recommendation. (Compl. ¶¶ 3, 14) Thus, Klayman has failed to plausibly plead any facts that could support his naming Magistrate Judge Harvey as a defendant.

As to the two orders referenced in the Complaint, moreover, Klayman has failed to plausibly plead any basis for relief under Rule 60(b)(6). Klayman's speculation that Judge Kollar-Kotelly lacks impartiality based on her prior rulings in *Judicial Watch I* or the pendency of the *Klayman v. Rao* appeal at the time of the June 23, 2022 Order fails to plausibly plead the required extraordinary circumstances. *Foo v. Tillerson*, 288 F. Supp. 3d 144, 147 (D.D.C. 2018) (finding speculation insufficient to show the requisite "'inequity or hardship'" for "relief under the 'sparingly used' Rule 60(b)(6)"). Klayman's speculation is even more implausible in light of the D.C. Circuit's affirmance of those prior rulings and its determination that Judge Kollar-Kotelly has presided over *Judicial Watch I* "commendably, without any error that [Plaintiff] has identified." *Klayman,* 6 F.4th at 1321.

**CONCLUSION**

For the foregoing reasons, this action should be dismissed with prejudice.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES, D.C. Bar #481052
                                      United States Attorney

                                      BRIAN P. HUDAK
                                      Chief, Civil Division

                                      By: _____/s/_____
                                      JEREMY S. SIMON, D.C. Bar No. 447956
                                      Assistant United States Attorney
                                      601 D. Street, N.W.
                                      Washington, D.C. 20530
                                      (202) 252-2528
                                      jeremy.simon@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be served by first-class mail, postage prepaid this 23rd day of September 2022 on Plaintiff, who is proceeding pro se, at the following address:

Larry Klayman
7050 W. Palmetto Park Road
Boca Raton, FL 33433

_____/s/_____
Jeremy S. Simon
Assistant United States Attorney